PAMELA T. THIELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thiele v. Commissioner
Docket No. 11001-93
United States Tax Court
T.C. Memo 1994-33; 1994 Tax Ct. Memo LEXIS 34; 67 T.C.M. (CCH) 2044; January 26, 1994, Filed *34 An order of dismissal for lack of jurisdiction will be entered. Pamela T. Thiele, pro se. For respondent: James R. Robb and Blaise Gately. DAWSEN DAWSEN MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of Chief Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether Pamela T. Thiele (petitioner) filed her petition for redetermination within the 90-day period prescribed in section 6213(a). Background
On February 18, 1993, respondent mailed a statutory notice of deficiency to petitioner by certified *35 mail determining a deficiency in and additions to petitioner's Federal income tax for the taxable year 1990 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6654
$ 49,194
$ 12,299
$ 34
The deficiency notice was mailed to petitioner at 2427 Douglas Drive, Anchorage, Alaska 99517 (the Douglas Drive address). The Douglas Drive address is the address appearing on petitioner's Federal income tax return for 1989, the last tax return that petitioner filed before the deficiency notice in question was mailed. The U.S. Postal Service returned the deficiency notice to respondent undelivered on March 1, 1993. Upon further investigation, respondent uncovered an additional address for petitioner reported on a Form 1099-DIV that was filed with respondent for the 1991 taxable year. Thereafter, on March 2, 1993, respondent mailed a letter to petitioner at 1101 Broaddus Street, Apt. 1, Anchorage, Alaska 99515 (the Broaddus Street address), stating in pertinent part: Dear Ms. Thiele: On February 18, 1993, we sent you by certified mail a Statutory Notice of Deficiency for your 1990 tax year. Since then we have discovered an additional address for you. As *36 a courtesy, we are sending you a copy of the notice. You still have only ninety (90) days from February 18, 1993, to file a petition with the United States Tax Court if you wish to protest the proposed adjustment to tax. Procedures to file this petition are outlined in the notice. If you have any questions, you may contact the person named on the notice. If you wish to agree with the proposed tax, please sign the waiver attached to the notice and return it to me.
The letter includes the name of a contact person and a telephone number. Petitioner acknowledges receiving the letter and the copy of the deficiency notice. Petitioner mailed a petition for redetermination to the Court on May 28, 1993. [2] The petition was received and filed by the Court on June 1, 1993, a date 103 days after respondent mailed the original deficiency notice. Respondent subsequently filed a motion to dismiss for lack of jurisdiction on the ground *37 that petitioner failed to file her petition within the 90-day period prescribed in section 6213(a). Petitioner filed an opposition to respondent's motion and a hearing was held at a motions session of the Court in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument. While petitioner did not appear at the hearing, she did file a statement with the Court pursuant to Rule 50(c). Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); ; ; . Section 6212(a) expressly authorizes respondent to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); . If the *38 notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. ; The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Secs. 6213(a), 7502. As indicated, there is no question in the instant case that respondent mailed the original deficiency notice to petitioner on February 18, 1993. Likewise, petitioner does not dispute respondent's assertion that the Douglas Drive address used in mailing the original notice was the address appearing on her last filed return. The 90-day time period for filing a petition with this Court expired on Wednesday, May 19, 1993 -- 9 days before petitioner mailed her petition and 13 days before the petition was received and filed by the Court. Assuming the Douglas Drive address was petitioner's last known address, it follows that we lack jurisdiction over this case on the ground that petitioner failed to file a timely petition. Petitioner, however, contends that the original *39 deficiency notice was not mailed to her last known address. Petitioner argues that the Broaddus Street address was her "correct" last known address and that the statutory 90-day period for filing a petition with this Court should be measured from March 2, 1993, the date that respondent mailed the deficiency notice to the Broaddus Street address. The phrase "last known address" is not defined in the Code or the regulations. We have held that a taxpayer's last known address generally is the address shown on his or her most recently filed tax return, absent clear and concise notice of a change of address. . The burden of proving that the notice of deficiency was not sent to the last known address is on the taxpayer. . Petitioner has failed to carry her burden of proving that the Broaddus Street address was her last known address. Simply stated, petitioner has not alleged, and there is no evidence in the record, that respondent was given clear and concise notice of her change of address prior to the issuance of the deficiency notice *40 on February 18, 1993. Nor is there any suggestion that respondent had reason to believe that the Douglas Street address was incorrect at the time the original deficiency notice was mailed. In the absence of clear and concise notice of a different address, respondent is permitted to correspond with a taxpayer through the address appearing on his or her last filed tax return. ; . After the original deficiency notice was returned to respondent undelivered, respondent uncovered information leading to the mailing of the copy of the deficiency notice to the Broaddus Street address. We are not persuaded that respondent should be faulted for failing to uncover the Form 1099-DIV containing the Broaddus Street address prior to the mailing of the original notice. Indeed, we have previously ruled that address information contained in such forms generally is not considered clear and concise notice of a taxpayer's change of address. See ; , *41 affd. without published opinion . This is particularly so in the present case where there was no apparent reason for respondent to search beyond the Douglas Street address at the time the original deficiency notice was mailed. Based on these principles, we conclude that the Douglas Street address, rather than the Broaddus Street address, was petitioner's last known address. It follows that petitioner failed to file her petition within the 90-day period prescribed in section 6213(a), thus depriving this Court of jurisdiction. Rule 13(a), (c); Accordingly, respondent's motion to dismiss will be granted, and this case will be dismissed for lack of jurisdiction. [3]
*42 An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time the petition was filed, petitioner resided in Anchorage, Alaska.↩
3. While petitioner cannot pursue her case in this Court, she is not without a remedy. Petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.↩